UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

IVAN MEIRELES GARCIA,                                    Case No. 23-11709-CLC

        Debtor.                                           Chapter 13

_____/

## DEBTOR'S CERTIFICATE OF COMPLIANCE, MOTION FOR ISSUANCE OF DISCHARGE, AND NOTICE OF DEADLINE TO OBJECT

**Any party in interest that objects to granting the debtor a discharge under 11 U.S.C. § 1328(a) must file and serve an objection within 21 days of service of this document. Failure to timely file and serve an objection may result in entry of a discharge without further motion, notice, or hearing.**

Ivan Meireles Garcia, the debtor[1] in this chapter 13 case, certifies as follows:

1.    The chapter 13 trustee has issued a *Notice of Completion of Plan Payments* on July 28th, 2026. The debtor is requesting the Court issue a discharge in this case under 11 U.S.C. § 1328(a).

2.    The debtor has completed an instructional course concerning personal financial management described in 11 U.S.C. § 111 and filed proof of completion of the course with the Court on May 10th, 2023.

3.    Compliance with 11 U.S.C. § 1328(a) (check one):

    __✕__ a. The debtor has not been required by a judicial or administrative order, or by statute, to pay any domestic support obligation, as that term is defined in 11 U.S.C. § 101(14A), either before this bankruptcy case was filed or at any time after this bankruptcy case was filed.

    _____ b. The debtor certifies that as of the date of this certification, the debtor has paid all amounts payable under any domestic support obligation, as that term is defined in 11 U.S.C. § 101(14A), required by a judicial or administrative order, or by statute

---

[1] All references to the "debtor" include both debtors in a joint case under 11 U.S.C. § 302.

LF-97A (rev. 06/01/26)

(including amounts due before the petition was filed, but only to the extent provided for by the plan).

4.  Statement under Fed. R. Bankr. P. 1007(b)(8) (check one):

_____ a. The debtor has not claimed an exemption under 11 U.S.C. § 522(b)(3)(A) in property described in subparagraphs (A), (B), (C), and (D) of 11 U.S.C. § 522(p)(1) that exceeds $189,050.[2]

__✗__ b. The debtor has claimed an exemption under 11 U.S.C. § 522(b)(3)(A) in property described in subparagraphs (A), (B), (C), and (D) of 11 U.S.C. § 522(p)(1) that exceeds $189,050,[2] but there is no pending proceeding in which the debtor may be found guilty of a felony of the kind described in 11 U.S.C. § 522(q)(1)(A) or liable for a debt of the kind described in 11 U.S.C. § 522(q)(1)(B).

5.  The debtor has not received a discharge in a case filed under chapter 7, 11, or 12 of the Bankruptcy Code during the 4-year period preceding the date of the order for relief under chapter 13 of the Bankruptcy Code in this case, or in a case filed under chapter 13 of the Bankruptcy Code during the 2-year period preceding the date of such order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _08/11/2026_
                    Date

_____
Debtor's signature

_____
Joint debtor's signature (if applicable)

[Under Local Rules 2002-1(b)(5) and 4004-3(a), the debtor's attorney must serve this document on the chapter 13 trustee, all creditors, and all indenture trustees, and must include at the end of this document a certificate of service, as required by Local Rule 9036-2. If the debtor is unrepresented, the Clerk will serve this document under Local Rule 2002-1(a)(3).]

---

[2] Under 11 U.S.C. § 104(a), this is the amount that was in effect for cases filed after April 1, 2022 but before March 31, 2025.

LF-97A (rev. 06/01/26)                    2